UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

KI MOBILITY, LLC,

                              Plaintiff,

    v.                                                  Case No. 18-cv-839

MCKESSON CANADA,

                              Defendant.

---

## COMPLAINT

---

Ki Mobility, LLC ("Ki Mobility"), through its attorneys, Reinhart Boerner Van Deuren, s.c., for its complaint against defendant, McKesson Canada ("McKesson"), alleges as follows:

### NATURE OF THE CASE

1. This is a civil action seeking damages arising from McKesson's breach of contract by failing to abide by the terms of the parties agreement.

### PARTIES

2. Plaintiff Ki Mobility is a Wisconsin limited liability company with its principal place of business at 1348 Westmore Court, Stevens Point, WI 54482.

3. Upon information and belief, Defendant McKesson has its principal place of business at 131 McNabb St., Markham, ON L3R 5V7 Canada.

### VENUE & JURISDICTION

4. Subject matter jurisdiction is appropriate under 28 U.S.C. § 1332 because complete diversity exists and the amount in controversy exceeds $75,000.

5. Personal jurisdiction exists because (1) McKesson entered into contract with a Wisconsin limited liability company for the purchase of goods; (2) as part of the contract, McKesson agreed to certain payment terms and to be bound by the laws of Wisconsin; (3) McKesson has failed to remit payment to Ki Mobility; and (4) KI Mobility has been damaged by McKesson's actions in Wisconsin.

6. Venue is appropriate under 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

7. On or around March 30, 2017, Ki Mobility entered into a pricing and rebate agreement (the "Agreement") with McKesson that was effective from April 1, 2017 through April 30, 2018.[1]

8. As part of the Agreement, Ki Mobility agreed to provide goods to McKesson at certain base prices, subject to discounts and rebates provided for in the Contract.

9. The Agreement required McKesson to submit payment within 30 days of the invoice date. Any payments received after 30 days of the invoice date were subject to a loss of secondary discount. Those payments received past 90 days of the invoice date were considered in default.

10. In accordance with its obligations under the Agreement, Ki Mobility delivered the desired goods to McKesson and billed McKesson, fully performing its obligations under the Agreement.

11. However, McKesson repeatedly encountered issues meeting the payment terms in the Agreement, and defaulted on its payment obligations on more than one occasion.

---

[1] The initial term of the Agreement was April 1, 2017 through March 31, 2018. The parties later agreed to extend the contract to conclude on April 30, 2018.

12. Ki Mobility alerted McKesson of its default under the Agreement, and McKesson promised to make full payment by June 30, 2018. However, no payment was received.

13. On or around July 18, 2018, Ki Mobility sent a demand letter to McKesson demanding payment in full of the discount price owed. McKesson acknowledged the July 18, 2018 letter and agreed that failure to pay by August 3, 2018 would require repayment of the account balance before discounts.

14. McKesson then made a partial payment on July 26, 2018, and a new account statement was generated outlining the new balance due on or before August 3, 2018 to honor the discounts. Failure to pay by August 3, 2018 would result in the discounts being forfeited and require repayment of the account balance before discounts. Despite promises of payment, Ki Mobility never received any payments from McKesson.

15. On or around August 14, 2018, Ki Mobility sent a final notice of default to McKesson, informing McKesson that it had failed to make payment on its account. Ki Mobility asked for full payment to be made by September 17, 2018, or it would seek legal action.

16. Ki Mobility has made numerous attempts to work with McKesson, providing copies of invoices and fulfilling requests for documentation on numerous occasions.

17. Yet, despite Ki Mobility's attempts to collect, McKesson continues to fail and refuse to pay Ki Mobility the $137,224.44 it owes for products purchased subject to the Agreement that were invoiced between April 1, 2017 and April 30, 2018.

## PLAINTIFF'S CLAIM FOR RELIEF

## COUNT I (BREACH OF CONTRACT)

18. Ki Mobility repeats all of the allegations set forth in the previous paragraphs as if fully set forth herein.

19. McKesson is obligated to make payment for the goods purchased from Ki Mobility per the terms of the Agreement.

20. Ki Mobility has provided the purchased goods to McKesson and has timely invoiced McKesson for those goods.

21. McKesson has failed to make payment on its account, and as such has breached the Agreement.

22. As a result of McKesson's breach, Ki Mobility has incurred damages in an amount, as of this date, of no less than $137,224.44.

## PRAYER FOR RELIEF

**WHEREFORE**, Ki Mobility respectfully requests that this Court grant judgment against McKesson and in favor of Ki Mobility for:

A. Compensatory damages equal to the balance due for products purchased under the Agreement, in an amount no less than $137,224.44;

B. Interests on amounts due;

C. Attorneys' fees, costs and disbursements in connection with this case; and

D. Such other and further relief as the Court deems just and appropriate.

Dated this 11th day of October, 2018.

          s/ Jeffrey Roeske
          Steven P. Bogart
          WI State Bar No. 1005758
          sbogart@reinhartlaw.com
          Jeffrey Roeske
          WI State Bar No. 1096311
          jroeske@reinhartlaw.com
          Reinhart Boerner Van Deuren s.c.
          1000 North Water Street, Suite 1700
          Milwaukee, WI 53202

          Mailing Address:
          P.O. Box 2965
          Milwaukee, WI 53201-2965
          Telephone:  414-298-1000
          Facsimile:  414-298-8097

          *Attorneys for Plaintiff*